**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**UNITED STATES OF AMERICA** **RESPONDENT**

**VERSUS** **CRIMINAL ACTION NO. 2:96cr30KS-MTP**
**CIVIL ACTION NO. 2:07cv99KS-MTP**

**PETER HALAT, JR.** **DEFENDANT/MOVANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the defendant, Peter Halat, Jr. to vacate, set aside, or correct sentence by a person in federal custody pursuant to Title 28, U. S. Code § 2255 **[#823]**. While lengthy, the court thinks that the summary of the previous history of this case by the Fifth Circuit is helpful:

> In this criminal appeal, we examine once again the sordid tale of Kirksey McCord Nix's ("Nix") prison-based criminal empire and the related murders of Vincent and Margaret Sherry. We first examined these events in *United States v. Sharpe*, 995 F.2d 49 (5th Cir.1993) ("*Sharpe* I"). Since *Sharpe I* new facts have come to light implicating Thomas Leslie Holcomb ("Holcomb") and Peter Halat, Jr. ("Halat") in the Sherrys' murder. As a result of this new information a grand jury issued a fifty-two count indictment against Nix, Holcomb, Halat, and Sheri LaRa Sharpe ("Sharpe"). Following a new trial ("*Sharpe II*"), Nix and Sharpe were again convicted. Additionally, the jury convicted both Holcomb and Halat for their respective roles in this affair.
>
> I. BACKGROUND
>
> *SHARPE I*
>
> While serving a life sentence for murder at Angola State Penitentiary, Nix built a criminal empire from which he hoped to earn enough money to buy his way out of prison. Although he dabbled in insurance fraud and drug dealing,

Nix's primary money-making scheme was a “lonely hearts” scam designed to defraud homosexual men. Nix and his prison syndicate would place personal advertisements in national homosexual magazines. When men would respond to these ads, Nix or one of his associates would indicate that he was having financial difficulties and needed the respondent to wire money to a Nix associate outside prison. Nix acquired hundreds of thousands of dollars from this scam.

Mike Gillich (“Gillich”), the alleged “underworld boss” of Biloxi, Mississippi, aided Nix in his various schemes. Peter Halat, a Biloxi attorney, maintained a trust account for Nix. Nix's girlfriend, LaRa Sharpe also assisted in the schemes. She worked out of Halat's office and along with Halat rented a safety deposit box in which they kept cash generated by Nix's operations.

In December 1986, Halat told Nix and Gillich that approximately $100,000 of Nix's money was missing from the office trust account. Halat indicated that he suspected Vincent Sherry, Halat's former law partner and a Mississippi Circuit Judge, of stealing the money. Coincidentally, Judge Sherry's wife Margaret was a Biloxi mayoral candidate critical of Gillich's operations. The prosecution produced evidence that the three men arranged to have the Sherrys killed. In September 1987 Halat discovered the Sherrys dead in their home.

At the first trial for fraud and the attendant murders in 1991, the government argued that Nix, with the assistance of Sharpe, Sharpe's mother, and Gillich, hired ex-convict John Ransom (“Ransom”) to kill the Sherrys. Bill Rhodes (“Rhodes”), an associate of Ransom's, testified that Gillich had discussed with him and Rhodes a possible contract murder. Rhodes testified further that he was out of town during the murders and that later Ransom told him that he had murdered the Sherrys. At the first trial, Gillich insisted that Halat had nothing to do with the homosexual scam or the murders. As a result, the government did not prosecute Halat. T he jury convicted Nix, Gillich, Sharpe, and Ransom of wire fraud and conspiracy to commit wire fraud. The jury also found Nix and Gillich guilty of travel in aid of murder-for-hire. We affirmed these convictions in *Sharpe I*, 995 F.2d 49 (5th Cir.1993).

*SHARPE II*

Nix continued his schemes from jail after the 1991 trial. The government also continued its investigation into the scam and murders. This time, the government concentrated its efforts on determining what role Halat, by then the Mayor of Biloxi, played in the crimes. In 1994 Mike Gillich turned state's evidence in exchange for a reduction of his *Sharpe I* sentence. Gillich admitted that Halat was involved in the scams and the murders. Moreover, Gillich indicated that it was not Ransom who had murdered the Sherrys FN1; but, rather, Thomas Holcomb, a contract killer hired by Gillich. While the government was procuring Gillich's testimony, it was negotiating with Robert Wright (“Wright”)

for his testimony concerning a number of drug deals that he had engaged in with Nix and his associates. In the end, the government granted Wright full immunity for his testimony.

FN1. Gillich insisted that Ransom was involved in the planning of the murders, but did not actually kill the Sherrys.

As a result of its further investigations and Gillich's testimony, the government brought a new indictment against Nix, Sharpe, Halat, and Holcomb in 1996. The indictment charged Nix with racketeering, conspiracy to violate the racketeering statute, fraud, conspiracy to commit wire fraud, money laundering, and conspiracy to obstruct justice. It charged Sharpe with obstruction of justice and conspiracy to obstruct justice for false testimony she gave in the 1991 trial. It charged Halat with obstruction of justice, conspiracy to obstruct justice based on false statements made during the 1991 investigation and trial testimony, conspiracy to violate the racketeering statute, racketeering, and conspiracy to commit wire fraud. Finally, the indictment charged Holcomb with conspiracy to violate the racketeering statute and conspiracy to obstruct justice.

After a lengthy trial, the jury began deliberations on July 11, 1997. During deliberations some of the jurors complained that one of the jurors was making inappropriate sexual remarks and was refusing to participate in the deliberative process. The judge overruled a defense motion for a mistrial and investigated the alleged juror misconduct. Satisfied with his investigation of the matter, the trial judge sent the jurors back for further deliberations. On July 16, 1997 the jury rendered a partial guilty verdict on all of the charges against Nix, Sharpe, and Holcomb and Halat's obstruction of justice and conspiracy to obstruct justice charges. The judge gave the jury an *Allen* charge and instructed them to continue deliberating on the charges remaining against Halat. On July 17, 1997 the jury found Halat guilty of conspiracy to commit wire fraud and conspiracy to violate the racketeering statute.

*United States v. Sharpe*, 193 F.3d 852, 859-61 (5th Cir.1999)(certiorari denied by *Sharpe v. U.S.*, 528 U.S. 1173, 120 S.Ct. 1202, 145 L.Ed.2d 1105 (U.S. Feb 22, 2000) and certiorari denied by *Nix v. U.S.*, 528 U.S. 1180 , 120 S.Ct. 1218, 145 L.Ed.2d 1118 (U.S. Feb 22, 2000) and certiorari denied by *Halat v. U.S.*, 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (U.S. Jun 12, 2000) and certiorari denied by *Holcomb v. U.S.*, 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (U.S. Jun 12, 2000)).

Halat was sentenced on September 22, 1997, to a 216 month term of

imprisonment for RICO conspiracy; a 120 month concurrent term of imprisonment for obstruction of justice; to a 60 month concurrent term of imprisonment for conspiracy to obstruct justice; and a 60 month concurrent term of imprisonment for conspiracy to commit mail fraud along with five and three year concurrent terms of supervised release, restitution and a $200 mandatory assessment.

On October 20, 2000, Halat filed his first Motion to Vacate in Cause No. 2:00cv268. On November 8, 2000, the district court judge referred the matter to the magistrate judge for a hearing and a Report and Recommendation and Proposed Findings (R&R). Halat presented three claims in his initial 2255 petition. They were :

a) that his convictions and sentences for the RICO conspiracy, obstruction of justice and conspiracy to obstruct justice violated the constitutional prohibition against *ex post facto* laws of the Due Process Clause:

b) that his conviction and sentence for the RICO conspiracy were in violation of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and

c) that the representation of his retained attorneys amounted to ineffective assistance of counsel.

The magistrate judge entered his R&R and proposed findings on July 10, 2003, recommending that the 2255 petition be granted in part and denied in part. Specifically, the magistrate judge recommended that the petition be granted to modify Halat's sentence to reflect that the statutory maximum sentence for Halat's conviction on Count 16, Obstruction of Justice, was five years at the time of his conviction. The sentencing court had imposed a ten year concurrent sentence on this conviction. The district judge adopted the magistrate's R&R with additional findings on January 15, 2004.

Halat appealed the judgment on January 30, 2004. The district court denied a

certificate of appealability (COA) on March 24, 2004. On October 26, 2004, the Fifth Circuit Court of Appeals granted a partial COA finding that

> reasonable jurists could differ on whether his sentence under count one, for violation of 18 U.S.C. § 1962(d), was illegal. Specifically, Halat argues that because the jury verdict did not specify which predicate offenses it found that Halat had conspired to commit in violation of 18 U.S.C. § 1962(d), the trial court could only sentence him for the predicate offense carrying the least severe punishment.

**STANDARD OF REVIEW**

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255:(1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. *See United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992)(cert. denied, 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992)).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir.1995) (*quoting United States v. Drobny,* 955 F.2d 990, 994 (5th Cir.1992)). "After conviction and exhaustion or waiver of any right to appeal, 'we are entitled to presume that [the defendant] stands fairly and finally convicted.'" *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir.1991)(cert. denied, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) (en banc decision) (*quoting United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). "Thus, on collateral attack, a defendant is

limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (*quoting Shaid*, 937 F.2d at 232).

Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice*.* *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992). Non-constitutional claims that could have been raised on direct appeal may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id*.

**Procedural Default**

If a defendant alleges a fundamental constitutional error, he may not raise the issue for the first time in a § 2255 motion without showing both "cause" for his procedural default and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. The cause and prejudice standard presents a significantly higher standard than the 'plain error' standard applied on direct appeal. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992). The only exception to the cause-and-prejudice test is when the failure to grant relief would result in a "manifest miscarriage of justice," i.e., in the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Shaid*, 937 F.2d at 232 (internal quotation marks omitted). This showing of actual innocence must amount to factual innocence, not just legal insufficiency of the evidence which led to his conviction. *United Sates v. Sorrells*, 145 F.3d 744 (5th Cir. 1998).

Movant, however, may not challenge sentencing issues in a motion to vacate his

sentence. *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *Vaughn*, 955 F.2d at 368. Further, a district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under 2255. *Id.*

**ANALYSIS**

In his original Section 2255 motion, Halat claimed a due process right to a jury determination of whether he committed a racketeering activity in Count One for which the maximum penalty includes life imprisonment. Such a finding would have served to increase the maximum penalty for his RICO conspiracy conviction to life imprisonment rather than the standard 20 years. *See Jones v. United States*, 119 U.S. 227 (1999); *Apprendi v. New Jersey*, 430 U.S. 466 (2000)). *See* 18 U.S.C. § 1963(a) (providing 20-year penalty for RICO conspiracy, but calling for increased penalty of "life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment").

In this action Halat is requesting permission "to refile his section 2255 habeas motion." Halat argues that this is "not a second successive motion" because the single issue he presents "was never adjudicated." The government argues that a review of the record shows that this issue was fully considered and properly determined to be without merit.

In responding to Halat's original Section 2255 motion, the government contends that it squarely addressed this claim, pointing out that Halat's 216 month sentence did not exceed the standard 20-year statutory maximum RICO penalty in Title 18, United States Code, Section 1963(a). In response to Halat's new found reliance on *Jones*, the government argues that it offers Halat no relief in that *Jones* dealt with a statutory subsection applied by the judge to increase the defendant's sentence above the base statutory level for the offense stated in the indictment. Halat's sentence was not above the twenty year base level for a RICO violation. The government also previously argued and the court found that *Apprendi* does not apply on collateral review and hence provided no benefit to Halat's initial Section 2255 motion.

Halat challenged the proposed findings of fact and recommendations for disposition of his initial petition and did not press the issue of a right to a jury determination of which RICO acts he had committed. Nor did he even once cite to *Jones*, which he now contends is controlling. The government argues that because Halat failed to pursue this claim in his objections to the R&R, the government did not respond to the issue, but instead addressed only the specific objections Halat presented in response to the proposed findings. The government now contends that by not pursuing the present claim in the district court in his initial petition, Halat left no reason to wonder why the trial judge did not separately address this issue in his final order, which was limited to the issues Halat raised in challenging the magistrate judge's recommendations. The trial court adopted the proposed findings of fact and recommendations for disposition – including the conclusion that, in the absence of a jury determination of which predicate acts were attributed to Halat, the maximum

penalty for violation of the RICO statute was 20 years of imprisonment.

In appealing this court's ruling on his Section 2255 motion, Halat renewed his claim that "his sentence on count one was illegal." *United States v. Halat*, No. 04-60089 (5th Cir. Oct. 26, 2004) (unpublished order, partially granting certificate of appealability). The Court of Appeals granted Halat permission to appeal "whether his sentence under count one, for violation of 18 U.S.C. § 1962(d), was illegal." The Court also directed the government to file a responsive brief and invited the government to address "whether the sentencing issue is procedurally barred."

In response, the government proposed six reasons why Halat was precluded from pursuing his sentencing issue, all of which the government contends have equal application here:

a. First, in exchange for the trial court's willingness to downwardly depart from the Sentencing Guidelines to sentence Halat to 18 years of imprisonment, Halat agreed to waive any right to challenge his sentencing.

b. Second, Halat's Section 2255 motion did not specifically raise the precise issue upon which the certificate of appealability was granted. The Government recognized that the Section 2255 motion argued "the murder predicate acts in the count 1 RICO conspiracy should have been submitted to the jury beyond a reasonable doubt and found in a special verdict form." But the Government contended that "[t]his was not a claim that the sentence must be based on the predicate act with the least severe penalty."

c. Third, Halat failed to pursue this issue in challenging the proposed findings of fact and recommendations for disposition presented by the magistrate judge, thereby

foregoing the claim..

d. Fourth, to the extent Halat's claim arises under *Apprendi* and *United States v. Booker*, 543 U.S. 220 (2005), those decisions were not made retroactively applicable upon collateral review.

e. Fifth, because Halat did not raise this issue on direct appeal, he must show both "cause" for his failure to do so and "actual prejudice." *See, e.g., United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995) ("Because a challenge under section 2255 may not do service for an appeal, a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing both cause for his procedural default and actual prejudice resulting from the error.") (citations and internal quotes omitted).

f. Sixth, given that Halat raised no Sixth Amendment claim in the trial court, he must demonstrate plain error. Because the trial court sentenced Halat within the ordinary 20-year statutory maximum for RICO conspiracy violations, there was no error.

In addition to arguing that Halat was procedurally barred, the government also addressed the merits of Halat's sentencing claim, and asserts that those arguments also apply here. The government pointed out that Count One of Halat's indictment "charged the violation of a single statute, 18 U.S.C. § 1962(d) -- RICO conspiracy." Thus, the general verdict of guilty on that count thus supported a sentence up to the maximum permitted by that statute, 20 years. The defendant's 18 year sentence on that count did not exceed the statutory maximum.

On September 29, 2005, the Court of Appeals dismissed Halat's appeal of his Section 2255 motion, noting that in his direct appeal, the Fifth Circuit had held that

"Halat waived his right to appeal his sentence in exchange for the government's agreement not to appeal a sentence imposed below the guideline range." *United States v. Halat*, No. 04-60089, 2005 WL 2404752 (5th Cir. Sept. 29, 2005) (unpublished per curiam opinion). The Court determined that "[t]his waiver applies to a collateral attack on a sentence." *Id.* The Court said "[t]he bottom line is that the record from the district court unambiguously establishes that Defendant chose to forsake all avenues of appeal of his sentence." *Id.*

Following this decision, Halat moved the Court of Appeals for rehearing. On December 2, 2005, the Court granted the motion for rehearing but affirmed the district court in all respects. *United States v. Halat*, No. 04-60089, 2005 WL 3271240 (5th Cir. Dec. 2, 2005) (unpublished per curiam opinion). As the Court explained:

> 1. We assume the waiver of appeal did not prevent Halat from challenging the sentence as improperly based on an ambiguous verdict where the lesser penalty would not have been assessed per *United States v. Conley*, 349 F.3d 837 (5th Cir. 2003).
>
> 2. The verdict in this case was not ambiguous. It charged the violation of § 1962(c) [sic] and the punishment for violation of that statute is greater than the sentence given Halat. There was no error.

*Id.* The mistaken reference to "§ 1962(c)" was later corrected to read "§ 1962(d)" in the Court's denial of a motion for reconsideration. *United States v. Halat*, No. 04-60089 (5th Cir. Jan. 17, 2006) (unpublished order). Certiorari was denied in *United States v. Halat*, No. 05-9864, 126 S.Ct. 1822 (U.S. April 17, 2006).

Halat contends that his present Section 2255 petition is "not a second successive motion" because the single issue he presents "was never adjudicated." However, the issue Halat renews – namely, his entitlement to a jury finding whether he

committed a racketeering activity as charged in Count One for which the maximum penalty includes life imprisonment, such as would have increased the maximum penalty for the RICO conspiracy conviction to life imprisonment rather than 20 years was clearly litigated in his first Section 2255 motion. The present petition is a second successive motion which is barred. Thus, after a through consideration of all of the issues presented in Halat's § 2255 petition, the court finds that same should be Denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the motion of the defendant, Peter Halat, Jr., to vacate, set aside, or correct sentence by a person in federal custody pursuant to Title 28, U. S. Code § 2255 **[#823]** is Denied.

A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 19th day of March, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE