**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**UNITED STATES OF AMERICA**                                                  **RESPONDENT**

**VERSUS**                                    **CRIMINAL ACTION NO. 2:96cr30KS-MTP**
                                              **CIVIL ACTION NO. 2:07cv99KS-MTP**

**PETER HALAT, JR.**                                          **DEFENDANT/MOVANT**

## <u>ORDER</u>

The matter is before the court on the defendant's motion to disqualify this Judge

on the basis of his familial relationship to AUSA Richard T. Starrett **[#855]**.   The court,

having reviewed the motion and the response of the United States, and being fully

advised in the premises, finds that the motion is not well taken and should be denied.

The court specifically finds as follows:

28 U.S.C. § 455 deals with disqualification of a judge and provides:

(a) Any justice, judge, or magistrate of the United States shall disqualify
himself in any proceeding in which his impartiality might reasonably be
question.

(b) He shall also disqualify himself in the following circumstances:

. . .

(5) He or his spouse, or a person within the third degree of
relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a
party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

Under 28 U.S.C. § 455 the recusal standard under the amended statute is an objective one.  "The relevant inquiry is whether 'a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'" *Health Services Acquisition Corp. v. Lilgeberg*, 796 F. 2d 796, 800 (5th Cir. 1986), affirmed 486 U.S. 847, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988)(as quoted in *Trevino v. Johnson*, 168 F. 3d 173 at 178 (5th Cir. 1999)).

The record in this case reflects that AUSA Starrett is one of four prosecutors who tried this case in 1997 before the Honorable Charles W. Pickering, United States District Judge, and who represented the Government in the appeal of Halat's conviction and his original motion for post-conviction, which culminated in the denial of Halat's petition for a writ of certiorari in April 2006.  AUSA Starrett has not had been assigned any responsibility for Halat's current motion for post-conviction relief, thus, AUSA Richard Starrett no longer is "acting as a lawyer in the proceeding."  28 U.S.C. § 455(b)(5)(ii).  Nor does he have any personal "interest that could be substantially affected by the outcome."  *Id.* § 455(b)(5)(iii).  Further, because this court already has ruled on the post-conviction motion without need for an evidentiary hearing, Halat cannot show AUSA Starrett "is to the judge's knowledge likely to be a material witness in the proceeding."  *Id.* § 455(b)(5)(iv).

In any event, AUSA Starrett's relationship to Judge Starrett is that of first cousin, not brother, which relationship does not call for recusal.  Under the Table of

-2-

Consanguinity, a First Cousin is related in the Fourth Degree, which is not a prohibited relationship under 28 U.S.C. § 455(b)(5).  Thus, Halat's motion is without merit.

IT IS THEREFORE ORDERED AND ADJUDGED that Halat's Motion for Recusal **[#855]** is Denied.

SO ORDERED AND ADJUDGED this the 18th day of April, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE